APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

BRAD BARTKOWSKI                         :
                                        :
            V.                          :          Civil Action
                                        :          No: _____
VERIZON COMMUNICATIONS, INC., et al.    :

DISCLOSURE STATEMENT FORM

Please check one box:

x☒    The nongovernmental corporate party, _____Verizon Communications Inc._
      , in the above listed civil action does not have any parent corporation and
      publicly held corporation that owns 10% or more of its stock.

☐     The nongovernmental corporate party, _____
      , in the above listed civil action has the following parent corporation(s) and
      publicly held corporation(s) that owns 10% or more of its stock:

      Verizon Communications Inc. is a publicly traded company
      _____
      _____
      _____
      _____

September 22, 2014                      _____
      Date                                           Signature

                     Counsel for:      Verizon Communications Inc.
                                       _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
            two copies of a disclosure statement that:
            (1)   identifies any parent corporation and any publicly held corporation
                  owning10% or more of its stock;  or

            (2)   states that there is no such corporation.

      (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
            (1)   file the disclosure statement with its first appearance, pleading,
                  petition, motion, response, or other request addressed to the court;
                  and
            (2)   promptly file a supplemental statement if any required information
                  changes.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 23 S. 23rd Street, Philadelphia, PA 19102

Address of Defendant: 140 West Street, New York, NY 10007/ 444 Highway 96 East, St. Paul, MN 55164-01

Place of Accident, Incident or Transaction: Eastern District of Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☒    No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐    No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☒ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Melissa Lang , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: September 22, 2014 _____ 48482

Attorney-at-Law                              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: September 22, 2014 _____ 48482

Attorney-at-Law                              Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| BRAD BARTKOWSKI | : | CIVIL ACTION |
| v. | : | |
| VERIZON COMMUNICATIONS INC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (XX)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| September 22, 2014 | Melissa Lang | Attorney for Verizon Communication Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | |
| 215-575-4168 | 215-568-1044 | mlang@harvpenn.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brad Bartkowski

**DEFENDANTS**
Verizon Communications Inc.
I.C. System, Inc.

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  New York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thaddeus J. Bartkowski, Esquire
307 Clairemont RD
Villanova, PA 19085
(610) 527-3548

Attorneys *(If Known)*
Melissa Lang, Harvey Pennington Ltd., 1800 JFK BLVD, Suite 1300
Philadelphia, PA 19103; (215) 575-4168, for Verizon Communications Inc.

Michelle Dove, Esquire, I.C. System, Inc., 444 HWY 96 E, St. Paul, MN
55164-0137; (651) 481-6509

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 | U.S. Government Plaintiff |
| ☐ 2 | U.S. Government Defendant |
| ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 862 Black Lung (923) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) |
| | | | ☐ 790 Other Labor Litigation | |

| | | | | ☐ 850 Securities/Commodities/ Exchange |
|---|---|---|---|---|
| | | | | ☐ 890 Other Statutory Actions |
| | | | | ☐ 891 Agricultural Acts |
| | | | | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 896 Arbitration |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | |
|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | **IMMIGRATION** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Libel and Slander

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $  excess 50,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
09/22/2014

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Brad Bartkowski,<br>an individual,<br>23 S 23d ST<br>Philadelphia, PA 19102,<br><br>        Plaintiff,<br>  v.<br><br>Verizon Communications Inc.,<br>a Delaware Corporation,<br>140 West ST<br>New York, NY 10007,<br>and<br>I.C. System, Inc.,<br>a Minnesota Corporation,<br>444 Highway 96 East<br>St. Paul, MN  55164-0137,<br><br>        Defendants. | Civil Action No.: |

## NOTICE OF REMOVAL

Defendant, Verizon Communications Inc., incorrectly identified in the state court caption as "Verizon Communications Inc. and Verizon", by and through its counsel, and in support of its Notice of Removal to this Honorable Court, does aver as follows:

1.     Defendant, Verizon Communications Inc., is a Delaware corporation which maintains its principal place of business at the New York, NY address set forth above in the caption.

2.     Defendant, I.C. System, Inc., incorrectly identified in the state court caption as "Icy System Inc.", is a Minnesota corporation which maintains its principal place of business at the St. Paul, MN address set forth above in the caption.

00054465

3.    Plaintiff is an individual, and a citizen of the Commonwealth of Pennsylvania, and who maintains a residential address as identified above in the caption.

4.    On June 30, 2014, plaintiff filed suit in the Philadelphia County Court of Common Pleas by Writ of Summons, a true copy of which is appended here as Exhibit "A".

5.    On September 19, 2014, plaintiff filed his Complaint against defendants, pleading claims for "Repeated Acts of Libel and Slander" and seeking recovery of damages in an unliquidated amount in excess of $50,000.00.  See, Complaint, a true copy of which is attached hereto as Exhibit "B".

6.    Punitive damages may be also imposed at common law if plaintiff recovers on his claims for the intentional torts pleaded in the Complaint.

7.    A service copy of the Complaint was received by Verizon Communications Inc.'s counsel by fax from plaintiff's counsel on September 15, 2014.  See, service correspondence dated September 15, 2014, a true copy of which is appended hereto as Exhibit "C".

8.    On September 22, 2014, counsel for Verizon Communications inc. obtained leave of counsel for defendant, I.C.System, Inc., to remove this litigation to the United States District Court for the Eastern District of Pennsylvania.  See, correspondence, a true copy of which is appended here as Exhibit "D".

9.    Defendant, Verizon Communications Inc., herewith exercise its rights pursuant to 28 U.S.C. § 1441, *et seq.*, to remove this action from the Philadelphia County Court of Common Pleas, in which this litigation is now pending, and docketed at June Term, 2014, No. 04436.

00054465                                                    2

10.     As the parties are diverse, and the amount in controversy exceeds $75,000 there exists diversity jurisdiction in this Honorable Court pursuant to 28 U.S.C. §1332(a)(1), and, therefore, there is original jurisdiction in this Honorable Court.

11.     Pursuant to 28 U.S.C. § 1441, *et seq.*, defendant, Verizon Communications Inc., is entitled as a matter of law to remove this case from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, in which district plaintiff resides, and where the litigation is pending.

12.     In accord with the requirements of 28 U.S.C. § 1446, this notice of removal is being timely filed as the Complaint was served on Verizon Communications Inc. on September 15, 2014.  See, Exhibit "C."

13.     A true copy of this Notice is being filed with the Philadelphia County Court of Common Pleas.

**WHEREFORE**, defendant, Verizon Communications Inc., prays that this action be removed to the United States District Court for the Eastern District of Pennsylvania, and that this Honorable Court accept jurisdiction of this action for further proceedings, the same as though this action had originally been instituted in this Court.

Respectfully submitted,

HARVEY PENNINGTON, LTD.

By:   /s/ Melissa Lang
        Counsel for Defendant,
        Verizon Communications Inc.

        1800 JFK BLVD, Suite 1300
        Philadelphia, PA 19103
        (215) 575-4168

DATED: September 22, 2014

00054465                                     3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brad Bartkowski,<br>an individual,<br>23 S 23d ST<br>Philadelphia, PA 19102, | } <br> } <br> } <br> } <br> } | Civil Action No.: |
| Plaintiff,<br><br>v.<br><br>Verizon Communications Inc., *et al.,*<br><br>Defendants. | } <br> } <br> } <br> } <br> } <br> } <br> } | |

### CERTIFICATE OF SERVICE

I, Melissa Lang, counsel for defendant, Verizon Communications Inc., do hereby certify that I served true copies of the forgoing Notice of Removal, and supporting documents, upon all interested parties y first class United States mail, postage pre-paid, as follows:

Thaddeus J. Bartkowski, Esquire
307 Clairemont RD
Villanova, PA  19085
Counsel for Plaintiff,
Brad Bartkowski

Michelle Kriedler Dove, Esquire
General Counsel and Chief Compliance Officer
I.C. System, Inc.
444 Highway 96 East
P.O. Box 64137
St. Paul, MN  55164-0137

Respectfully submitted,

HARVEY PENNINGTON, LTD.

By:    /s/ Melissa Lang
Counsel for Defendant,
Verizon Communications Inc.

1800 JFK BLVD, Suite 1300
Philadelphia, PA 19103
(215) 575-4168

DATED: September 24, 2014

00054474

# EXHIBIT A

Thaddeus J. Bartkowski, Esq.                    Attorney for Plaintiff
307 Clairemont Rd.
Villanova, PA 19085
610-527-3648
Attorney I.D. 18333

Filed and Attested by
PROTHONOTARY
30 JUN 2014 10:27 pm
K. EDWARDS

BRAD BARTKOWSKI                    COURT OF COMMON PLEAS
23 s. 23rd St/                     PHILADELPHIA COUNTY
Philadelphia PA.                   CIVIL TRIAL DIVISION

vs


VERIZON COMMUNICATIONS INC. and
VERIZON
PO Box 1001
San Angelo TX 76902                          NO.


### PRAECIPE TO ISSUE A SUMMONS IN CIVIL ACTION

To the Prothonotary:

Please issue A Summons in Civil Action in regard to the aforementioned matter.




Respectfully submitted,


_____
Thaddeus J. Bartkowski


Date: June 30, 2014


Case ID: 140604436

C.P.97

# Commonwealth of Pennsylvania

SUMMONS
CITACION

### CITY AND COUNTY OF PHILADELPHIA

BRAD BARTKOWSKI
UNIT 7H
23 S. 3RD ST. PHILADELPHIA PA 19103

COURT OF COMMON PLEAS

_____ Term, 20`4_____

No. _____

vs.

VERIZON COMMUNICATIONS INC. AND
VERIZON, BOX 1001 SAN ANGELO TX
AND   I C SYSTEM INC.
BOX 64378 ST PAUL MN 55164

To[1]

DEFENDANTS VERIZON
COMMUNICATIONS INC.,
VERIZON, AND IC SYSTEM INC.

You are notified that the Plaintiff[2]
_Usted esta avisado que el demandante[2]_

Has (have) commenced an action against you.
_Ha (han) iniciado una accion en contra suya._



JOSEPH H. EVERS
_Prothonotary_

By _____

Date _____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 140604436

# EXHIBIT B

Thaddeus J. Bartkowski, Esq.          Attorney for Plaintiff
307 Clairemont Rd.
Villanova, PA 19085
610-527-3648
Attorney I.D. 18333

| | |
|---|---|
| BRAD BARTKOWSKI<br>23 s. 23rd St/<br>Philadelphia PA.    vs.<br>    vs | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |

VERIZON COMMUNICATIONS INC.
and

VERIZON
PO Box1001
San Angelo  TX 76902      NO. 140604436

and

ICY SYSTEM INC.

PO Box 64378
St. Paull. Mn 55164

COMPLAINT

PARTIES

1. Plaintiff is an individual residing at the above address.

2, Defendants are corporations and business entities incorporated in Pennsylvania, doing business in Pennsylvania with their principal places of business at the above respective addresses.

1.

## FACTS

3. At all times, the defendants were acting through their agents, servants, and employees.

4. At all times the defendants were acting through their management and supervisors.

5. At all times the defendants were acting upon and as a result of policy created and enforced and directed by their management and supervisors.

6. On or after July 17, 2013 plaintiff received a letter from the defendant icy System Inc. (Hereinafter referred to as icy.)

7. Although the plaintiff had previously been a customer who had made timely payment to the two defendants, he was no longer a customer, and he notified them to that effect.

8. Icy was told that the plaintiff was no longer a customer. He was no longer entitled to any fees either for services rendered in the past and for services renderedat the time of the misrepresentations made by the defendants to the national credit reporting services.

## Repeated Acts of Libel and Slander

9. The plaintiff on several occasions brought the aforementioned misrepresentations to the attention of the defendants after the first Icy notification to the plaintiff. The misrepresentations continued to occur.

10. Repeatedly the the defendants VCI and Verizon reported that the plaintiff was failing to pay bills for services rendered.

11. On several occasions after the first notification to the plaintiff from Icy the plaintiff spoke to Verizone, VCI, and ICY and stated he was not failing to pay depbts for services rendered for the reason that there were no services provided, and the three defendants on each occasion agreed with the plaintiff and assured the plaintiff that the false bills and reports to the reporting agencies would stop and would no longer occur.

12. However, the three defendants continued making false reports for which they had actual notice were false as to bills incurred, and bills for services for which the defendants had actual notice that the services never occurred.

13. However the false reports constituted, and the libel and slander continued.

14. ICY failed to send notices to the plaintiff prior to reporting the plaintiff to the credit reporting agencies.

## Count I

15. Plaintiff incorporates the aforementioned allegations as if stated herein at length.

16. The aforementioned representations were intentionally and repeatedly made with knowledge that the representations were false, including but not limited to the fact that he services were not provided, the bills were not incurred, and the plaintiff was not delinquent in paying bills.

WHEREFORE the plaintiff seeks compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00)

## COUNT II.

17. Plaintiff incorporates the aforementioned allegations as if stated herein at length.

3

18. The aforementioned representations were intentionally and recklessly made without regard to their truthfulness or accuracy.

WHEREFORE the plaintiff seeks compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00)

19. Plaintiff incorporates the aforementioned allegations as if stated herein at length.

## COUNT III

20. The aforementioned representations were made intentionally provided false, intentional, and maliciiousfalse,done wit with actual and constructive knowledge that the reports were false. As a result the plaintiff sustained damage to his reputation, requiring the impositions of both compensatory and punitive damages. WHEREFORE the plaintiff seeks punitive damages in an amount in excess of fifty thousand dollars ($50,000.00).

## DAMAGES

21. Plaintiff incorporates the aforementioned allegations as if stated herein at length

22. The damages sustained are the loss of good standing and integrity to his reputation for good credit for which the plaintiff had worked had to achieve prior to the aforementioned libel and slandecausing financial losses, damage to his reputation and lost opportunity and continues to cause loss of financial opportunity which is ongoing and permanent in nature.

23. As a result of the reports the plaintiff sustained emotional distress, worry, and embarrassment.

WHEREFORE the plaintiff seeks compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00).

Respectfully submitted,

Thaddeus J. Bartkowski

4

# EXHIBIT C

To : Melissa Lang Esq

Fax To 215-568-1044

From Ben Mazurki, Esq
610-527-3648

9:15
3:33 AM

Enclosed is Complaint
Please                                    again
Call Marshall
to confirm                "Will file
receipt                    this AM when
                           Court opens

# EXHIBIT D

# HARVEY ✦ PENNINGTON LTD.
### ATTORNEYS AT LAW

1800 John F. Kennedy Blvd.
Suite 1300
Philadelphia, PA 19103-7418
(215) 563-4470
Fax (215) 568-1044
www.harvpenn.com

**Melissa Lang**
Shareholder
Direct Dial: **(215) 575-4168**
E-mail: mlang@harvpenn.com

September 22, 2014

Michelle Kriedler Dove, Esquire
General Counsel and Chief Compliance Officer
I.C. System, Inc.
444 Highway 96 East
P.O. Box 64137
St. Paul, MN 55164-0137

Re: Brad Bartkowski v. Verizon Communications Inc., *et al.*
Philadelphia County Court of Common Pleas
June Term, 2014 No. 04436
Our File No.: 15,600-00349

Dear Ms. Dove:

I am writing to confirm our telephone conversation of this morning, during which you kindly advised that I.C. System, Inc, has no objection to Verizon Communications Inc. removing this action to the United States District Court for the Eastern District of Pennsylvania.

Thank you.

Very truly yours,

Melissa Lang

ML:mel

Mechanicsburg, PA          Mt. Laurel, NJ          New York, NY

00054452